## FINAL SETTLEMENT AGREEMENT & RELEASE

This Final Settlement Agreement and Release (the "Agreement") is made effective on the date of final execution below between Kristina Struble Brush and Vernon Brush ("Plaintiffs"), on the one hand, and Wells Fargo Bank N.A. ("Wells Fargo" or "Defendant") on the other hand. Plaintiffs and Defendant are individually referenced herein as a "Party" and are collectively referred to herein as "the Parties."

WHEREAS, Mrs. Brush's father, Ronald James Struble ("Struble") purchased a home at 14818 Inverrary Drive, Houston, Texas 77095 (the "Property");

WHEREAS, on or about August 7, 2007, Struble executed a Note in the amount of $199,500 secured by a Deed of Trust on the Property, which was also executed by Struble (the obligations evidenced by the Note and Deed of Trust are collectively referred to as the "Loan");

WHEREAS, Wells Fargo is the servicer of the Loan;

WHEREAS, Struble passed away in February 2009 without a will, leaving his daughter, Kristina Struble Brush as his sole heir who inherited Struble's rights in the Property, but not the obligations on the Loan;

WHEREAS, Mrs. Brush is still the sole owner of the Property today, and has not conveyed any interests in the Property to any other person;

WHEREAS, Plaintiffs resided in the Property since February 2009, but disputes arose between Wells Fargo and Plaintiffs regarding the status of the loan, as well as the parties' respective rights and obligations under the Loan;

WHEREAS, Wells Fargo posted the Property for foreclosure in October 2010, for a sale scheduled to occur on November 2, 2010;

WHEREAS, Plaintiffs filed suit against Wells Fargo on November 1, 2010, in the action now known as Civil Action No. 4:10-cv-05016, *Kristina Lee Struble Brush and Vernon D. Brush v. Wells Fargo Bank, N.A.* (the "Lawsuit");

WHEREAS, Wells Fargo denies each of the claims asserted by Plaintiffs in the Lawsuit;

WHEREAS, the Parties desire to resolve and settle all claims or potential claims asserted in the Lawsuit;

NOW, THEREFORE, the Parties agree and represent as follows:

1.      Settlement Payment.  In consideration of and in exchange for settlement of any and all claims and disputes Plaintiffs have or may have arising out of or relating to the Lawsuit, the Property, or the Loan, and without any admission of liability or fault, Wells Fargo agrees to pay or cause to be paid to Plaintiffs the total settlement sum of REDACTED REDACTED rs and no cents (REDACTED 00) (the "Settlement Sum"). The Settlement Sum shall be made payable by check to "Kristina Brush and Vernon Brush and Reese Baker" and will be delivered to their counsel,

Reese Baker, at Baker & Associates, 5151 Katy Freeway, Suite 200, Houston, Texas 77007 within 7 days of the full execution of this agreement and delivery of the required W-9 forms to Wells Fargo. Plaintiffs shall provide Wells Fargo with completed W-9 forms for Plaintiffs and Reese Baker, by delivering those forms to Wells Fargo's counsel, W. Scott Hastings at Locke Lord LLP. The Settlement Sum is allocated entirely to, and intended to compensate Plaintiffs solely for, losses due to personal physical injury or physical sickness arising out of claims other than breach of contract.

2.  <u>Plaintiffs to Vacate Property.</u>  Plaintiffs agree to vacate and to ensure that any other occupants vacate the Property within 60 days from the date Wells Fargo delivers the check to Plaintiffs' counsel under Paragraph 1. Plaintiffs agree to leave the Property in broom-swept, clean condition, without damage, free of personal possessions, accumulations, or debris, and with fixtures intact. Plaintiffs further agree that Wells Fargo may take possession of and remove any personal property remaining on the Property after the date required for Plaintiffs to vacate the Property under this paragraph. Wells Fargo will not have any liability to Plaintiffs for any damage to, or loss of, any personal property that is removed from the Property under this paragraph. Plaintiffs agree that any personal items remaining on the Property after the surrender of possession have no economic or sentimental value, are deemed to be garbage and may be disposed of accordingly.

3.  <u>Remedy for Failure to Vacate, and for Damage to, the Property.</u>  Plaintiffs agree that if they (and all other occupants) do not vacate the Property on or before the date required by paragraph 2, Wells Fargo may immediately have them (and all other occupants) evicted, take possession of the Property, and remove any personal property that remains thereon. Plaintiffs further agree that if they cause damage, or if they allow or aid another person to cause damage, to the Property at any time while they are residing there, Wells Fargo may immediately evict them, take possession of the Property, and remove any personal property that remains thereon. Wells Fargo will have no liability to Plaintiffs for any damage to, or loss of, any personal property that is removed from the Property under this paragraph. In the event any other occupants refuse to vacate, Plaintiffs agree to cooperate with Wells Fargo (or any subsequent owner of the Property) in taking such action as may be deemed necessary by Wells Fargo (or any subsequent owner of the Property) in their sole discretion to evict the occupants. Plaintiffs further agree to provide Wells Fargo written notice that the Property is vacated by all occupants within twenty-four (24) hours of its occurrence and to remit all copies of keys, garage door openers, or other items used to access the Property to their attorney, Richard Brady, who will forward those items as directed by counsel for Wells Fargo.

4.  <u>No Tenancy Created.</u>  Plaintiffs acknowledge that, by allowing them to vacate the Property on or before the date required by paragraph 2, Wells Fargo is not establishing a tenancy relationship with them and that they are residing at the Property at their own risk.

5.  <u>Stipulation Regarding Loan.</u>  Wells Fargo and Plaintiffs hereby agree and stipulate that Plaintiffs are not, and were not, parties to the Loan. Moreover, Plaintiffs never assumed Struble's obligations under the Loan. Accordingly, any debts owed under the Loan are attributable to Struble and/or his estate, and are not attributable to Plaintiffs.

6.  <u>Plaintiffs' Release of All Claims.</u>  Plaintiffs hereby release and forever discharge

2

Wells Fargo and its employees, stockholders, officers, directors, partners, agents, attorneys, brokers, affiliates, subsidiaries, parents, departments, divisions, insurers, predecessors, successors and assigns, from any and all claims or counterclaims, causes of action, remedies, damages, interest, liabilities, debts, suits, demands, actions, costs, losses, expenses, fees, controversies, set-offs, third party actions or proceedings of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, filed or unfiled, which Plaintiffs now have or in the future may have, arising from or in any way relating to the Lawsuit, the Property, or the Loan. This Agreement is intended to resolve forever any and all claims that Plaintiffs may now have or have ever had against Wells Fargo, including but not limited to claims related to or in any way arising out of the Lawsuit, the Property, or the Loan.

7.    Wells Fargo's Release of All Claims.   Wells Fargo hereby releases Plaintiffs and their agents and attorneys from any and all claims or counterclaims, causes of action, remedies, damages, interest, liabilities, debts, suits, demands, actions, costs, losses, expenses, fees, controversies, set-offs, third party actions or proceedings of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, filed or unfiled, which Wells Fargo now has or in the future may have, arising from or in any way relating to the Lawsuit, the Property, or the Loan. This Agreement is intended to resolve forever any and all claims that Wells Fargo may now have or have ever had against Plaintiffs, including but not limited to claims related to or in any way arising out of the Lawsuit, the Property, or the Loan.

8.    Costs, Expenses and Attorneys' Fees.   The Parties will each pay their own costs, fees and expenses, including attorneys' fees, with respect to or relating to the Lawsuit.

9.    Dismissal.   Upon execution and delivery of this Agreement, Plaintiffs will promptly file with the Court the Agreed Motion to Dismiss the entire Lawsuit with prejudice, a copy of which is attached as Exhibit A.

10.    Release of Money in the Registry of the Court.   Upon execution and delivery of this Agreement, the Parties agree to cooperate to prepare an Agreed Motion in the form required by the Court to cause the release of all funds held in the Court's registry related to this Lawsuit to Plaintiffs and their attorney Reese Baker.

11.    Competency and Fairness.   The Parties, and each of them, individually warrant and represent that: (1) they have full legal standing and capacity to enter into this Agreement, (2) this is an arms-length transaction entered into without undue influence or duress, (3) they join in the execution of this Agreement freely and voluntarily, (4) they have read it fully and understand the terms of this Agreement, (5) they have had the opportunity to seek the advice of an independent attorney regarding this Agreement, and (6) they enter into and execute this Agreement without relying on any promises, conditions, terms, statements or representations that are not expressly contained in this Agreement. Each of the Parties represent and warrant that each has received adequate consideration for their respective representations, warranties and agreements herein. Plaintiffs acknowledge, represent, warrant and confirm that they have not relied on any promise, representation, understanding or agreement by and between them and Defendants concerning the tax consequences of this Agreement.

3

12.     Cooperation.  Plaintiffs agree to cooperate in the drafting and execution of any additional documents as may be necessary to carry out the intent of this Agreement.

13.     Integration Clause.  This Agreement contains the entire understanding between the Parties concerning the matters set forth herein and supersedes all previous agreements.

14.     Amendment of Agreement.  This Agreement may be amended only by written agreement signed by the Parties, and a breach of this Agreement may be waived only by written waiver signed by the Party granting the waiver.  The waiver of any breach of this Agreement shall not operate or be construed as a waiver of any similar or prior or subsequent breach of this Agreement.

15.     No Release of Claims for Breach of This Agreement.  Notwithstanding any other language in this Agreement, nothing herein shall be deemed a release of any rights created by this Agreement.

16.     Attorneys' Fees and Costs Related to Enforcement of This Agreement.  If any Party is forced to take action to compel enforcement of or compliance with this Agreement, such party shall be entitled to recover its attorneys' fees and costs for enforcing the Agreement.

17.     No Prior Conveyance.  Plaintiffs expressly warrant that no claims, demands, controversies, actions, causes of action, liabilities, damages, injuries, losses, or other rights released, assigned or waived herein have been previously conveyed, assigned, or transferred in any manner, whether in whole or in part, to any person, entity, or other third party.

18.     Choice of Law.  This Agreement has been executed and delivered in the State of Texas and its validity, interpretation, performance and enforcement shall be governed by the laws of the State of Texas and any future lawsuit shall be filed in a court geographically located in Houston, Texas.  Should such a lawsuit occur, the prevailing Party shall recover its attorneys' fees and costs.

19.     Partial Invalidity.  If any portion of this Agreement is deemed unenforceable, void, voidable, or of no force and effect, no other portion will be thereby affected, and the remainder of this Agreement will continue in full force and effect.

20.     No Construction Against the Parties.  This Agreement has been prepared by the joint efforts of the Parties and shall not be strictly construed against any Party hereto.

21.     Two or More Counterparts.  This Agreement may be executed simultaneously in multiple counterparts, by facsimile or otherwise, and said counterparts together shall constitute one and the same instrument.  Facsimile or copied signatures shall have the same force and effect as original signatures.

22      Confidentiality.  The Parties agree and understand that the amount of money paid under Paragraph 1 of this Agreement shall remain CONFIDENTIAL, and shall not be disclosed to anyone except Plaintiffs and Wells Fargo without the prior written consent from the Parties, unless by court order or as required by law, and shall not be used in evidence of liability of any Party hereto in any suit, claim, demand, or cause of action whatsoever.  However, each Party

4

may disclose the settlement amount in: 1) any legal proceeding to the extent necessary to seek, pursue or prosecute any claim for any breach of the rights and duties established herein; 2) to its regulators, attorneys, accountants, financial advisors, as well as necessary governmental agencies, or 3) to immediate family members; provided however, that such party receiving such disclosure is advised of the need to maintain the confidentiality of the information provided and agrees to maintain its confidentiality (except as otherwise required by law).

**IN WITNESS WHEREOF**, the Parties have executed and entered into this Agreement on the dates set forth hereafter.


Kristina Lee Struble Brush                    Wells Fargo Bank, N.A.


Date: 06/24/2013                              By: Michael B Goldberg
                                              Its: Senior Counsel
                                                   06/24/2013
Vernon D. Brush


Date: 06/24/2013


5